IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK RIVERA, Individually, and as
Personal Representative of the Estate of
STIFKA RIVERA,

      Plaintiff,                                    Civ. No. 05-0220 MV/LFG

vs.

DAIMLERCHRYSLER CORPORATION, a
Delaware Corporation, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint, filed January 12, 2006, **[Doc. No. 41]**. In his motion, Plaintiff, the decedent's father, seeks leave to file an amended complaint that asserts negligent infliction of emotional distress claims on behalf of the decedent's mother and sister ("presumptive Plaintiffs"). Defendants DaimlerChrysler Corporation and Key Safety System, Inc., ("Defendants") object to the proposed amendment on the grounds that the presumptive Plaintiffs cannot state a claim for negligent infliction of emotional distress.

It is undetermined at this stage if Montana or New Mexico law will apply to this case. All parties agree that New Mexico law does not recognize a negligent infliction of emotional distress claim for the presumptive Plaintiffs because neither witnessed the accident that resulted in the death of the decedent. Montana law, however, does not require that a plaintiff witness the injury-causing accident in order to assert a negligent infliction of emotional distress claim. Instead, Montana law recognizes a negligent infliction of emotional distress claim when severe emotional

distress to the plaintiff was a reasonably foreseeable consequence of the defendant's negligent act or omission. *Sacco v. High Country Independent Press*, 271 Mont. 209, 896 P.2d 411 (1995).

Defendants argue that the motion to amend should be denied because the presumptive Plaintiffs cannot demonstrate either sufficient distress or that the distress was a reasonably foreseeable consequence of any act or omission on the part of Defendants. Defendants' argument raises questions of fact that are better addressed at the summary judgment stage. Plaintiff's proposed amended complaint states a claim for negligent infliction of emotional distress under Montana law on behalf of the presumptive Plaintiffs and leave to file the amended complaint to add these claims will be permitted. *See* Fed. R. Civ. P. 15(a) (leave to amend a complaint "shall be freely given when justice so requires").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint, filed January 12, 2006, **[Doc. No. 41]**, is **GRANTED**. Plaintiff has ten days from the date of this Order to file his First Amended Complaint.

Dated this 23rd day of February, 2006.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE